# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

**WILLIAM M. LEIMAN,**

    **Plaintiff,**

**vs.**                                           **Case Number 5:05cv48-RH/WCS**

**P.E. CRAWFORD,**
**et al.,**

    **Defendants.**

                                    /

## O R D E R

Plaintiff, proceeding *pro se*, has filed a notice of inquiry. Doc. 17. This order is entered to provide clarification to Plaintiff concerning the status of this case. On March 17, 2005, a report and recommendation was entered in this case, doc. 6, recommending that Plaintiff's motion seeking leave to proceed *in forma pauperis* be denied because Plaintiff's bank account indicated he had sufficient funds with which to pay the filing fee. That report and recommendation is still pending. Since that time, an order was entered directing that a partial payment of $150.00 be applied to this case, doc. 13, and thereafter, remaining $100.00 balance for this case has been paid for Plaintiff. Docs. 19, 21. Thus, Plaintiff is advised that the entire filing fee for this case has now been paid. As the fee has been paid, there is no reason to forward the report

and recommendation to the assigned District Judge for review and the report and recommendation is hereby vacated.

As the filing fee has now been paid, it is now appropriate to review Plaintiff's complaint, doc. 1, as is required by 28 U.S.C. § 1915A. Plaintiff's allegations concern an allegedly false disciplinary report for which Plaintiff was found guilty in an ensuing disciplinary hearing. *Id.* During the disciplinary proceedings, Plaintiff contends that Defendant Crawford committed perjury when he stated that Plaintiff's urine sample was sent to an outside lab for testing. *Id.* Plaintiff contends that Defendant Solomon is liable because he relied on Defendant Crawford's statement. *Id.* Plaintiff provides no basis for asserting liability against Defendant Crosby other than to contends that the Secretary's Office failed to investigate Plaintiff's claim that there was no laboratory analysis.

Plaintiff also claims that he was retaliated against after he filed a grievance concerning this matter in the amount of punishment received. *Id.* Plaintiff's grievances were not successful and the disciplinary report has not been overturned. Although Plaintiff did not directly lose gain time as a result of the disciplinary report, Plaintiff asserts that he became ineligible to earn gain time for a month following the charged infraction. *Id.* Plaintiff further asserts injury by alleging that this disciplinary report will impact his consideration for parole release.

After exhausting administrative remedies through the Department's grievance system, Plaintiff initiated a petition for mandamus relief in the Second Judicial Circuit Court alleging due process violations. *Id.* Plaintiff does not state the result of that state court proceeding and it is unknown whether that case might still be pending.

First, it is noted that on the first page of the complaint form, Plaintiff lists three persons as Defendants in this case, as well as the Florida Department of Corrections. Plaintiff should be aware that the Department is not an appropriate Defendant as the State of Florida and its agencies are immune from suit in federal court by force of the Eleventh Amendment. Carr v. City of Florence, Alabama, 916 F.2d 1521, 1524 (11th Cir. 1990). Moreover, suit against States and state officials is not possible pursuant to 42 U.S.C. § 1983 because state agencies are not "persons" as intended by § 1983. Will v. Michigan Department of State Police, 491 U.S. 58, 109 S. Ct. 2304, 2308-2311, 105 L.Ed.2d 45 (1989); Carr, supra, 916 F.2d at 1524, n.3 (citing Will).

As for Plaintiff's allegations against Defendant P.E. Crawford, the assistant warden during the events in question, Plaintiff contends that he fabricated a response to Plaintiff's grievance concerning the disciplinary report. What is problematic in that assertion is that Defendant Crawford did not write the disciplinary report for which Plaintiff was found guilty, nor was Defendant Crawford involved in the disciplinary proceeding. Thus, it appears that Defendant Crawford should not be held responsible for Plaintiff's alleged due process violation because the claim against this Defendant concerns the grievance process and not the findings of the disciplinary team that the evidence was sufficient to conclude Plaintiff refused substance abuse testing. These are truly separate allegations because accepting as true that Defendant Solomon did provide a false statement (whether an innocent mistake or not) in responding to Plaintiff's grievance does not invalidate the fact that the disciplinary team found the evidence sufficient to conclude Plaintiff was guilty of the disciplinary report.

Plaintiff also sues Defendant Al Solomon, the warden, and Defendant J.V. Crosby, the Secretary of the Department of Corrections. Doc. 1. Plaintiff has not provided sufficient facts to hold these persons liable either because there are no facts showing how these Defendants were personally involved in the events in question. Rather, Plaintiff is attempting to sue these Defendants on the basis of that they did not correct alleged mistakes by other persons. That is improper.

A prison official cannot be named as a Defendant in a civil rights case merely because he or she has supervisory authority over others. The doctrine of *respondeat superior* does not provide a basis for recovery under § l983. <u>Harvey v. Harvey</u>, 949 F.2d 1127, 1129 (11th Cir. 1992), *citing* <u>Monell v. Department of Social Services</u>, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). Plaintiff must name as Defendants only those persons who were personally involved or participated in the events at issue. There must be some causal connection between each defendant named and the injury allegedly sustained, but that connection must be more than the fact that a named Defendant has a supervisory role over another.

If Plaintiff desires to continue with this case, he will be required to explain the current status of the state court proceeding. Plaintiff should be aware that because the complaint in the instant case involves issues presented in Plaintiff's state court case, the doctrine of *res judicata* is implicated. "Under the doctrine of res judicata, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action." <u>Sewell</u>, 94 F.3d at 1518 n.3, *citing* <u>Parklane Hosiery Co. v. Shore</u>, 439 U.S. 322, 326 n.5, 99 S. Ct. 645, 649 n.5, 58 L. Ed. 2d 552 (1979).

> If the later litigation arises from the same cause of action,[1] *then the judgment bars litigation not only of "every matter which was actually offered and received to sustain the demand, but also [of] every [claim] which might have been presented."* Baltimore S.S. Co. v. Phillips, 274 U.S. 316, 319, 47 S.Ct. 600, 602, 71 L.Ed. 1069 (1927).

In re Justice Oaks II, Ltd., 898 F.2d 1544, 1550, n. 3 (11th Cir. 1990), *cert. denied*, 498 U.S. 959 (1990) (emphasis added). In other words, if the state court already reached a decision on his case, then this case is likely precluded. Sewell v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 94 F.3d 1514, 1518 (11th Cir. 1996), *citing* Aquatherm Indus., Inc., 84 F.3d 1388, 1394 (11th Cir. 1996)(citing Albrecht v. State, 444 So. 2d 8, 12 (Fla. 1984)). Plaintiff shall be required to provide an explanation of the procedural status of his state mandamus action, clearly state whether a ruling has been made and, if so, provide a copy of that ruling.

If, on the other hand, no ruling has yet been made, it is not clear that Plaintiff could still proceed in this case. The question becomes whether Plaintiff should be permitted to proceed in this action when he apparently has available to him an adequate avenue in which to litigate this matter. The abstention doctrine announced in Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976), "allows a federal court to dismiss a case when a concurrent state proceeding provides a more appropriate forum." TranSouth Financial Corp. v. Bell, 149 F.3d 1292, 1294 (11th Cir. 1998). The mere fact a plaintiff has pending an action in

---

[1] "The principal test for determining whether the causes of action are the same is whether the primary right and duty are the same in each case. . . . In determining whether the causes of action are the same, the court must compare the substance of the actions, not their form." I. A. Durbin, Inc. v. Jefferson National Bank, 793 F.2d 1541, 1549 (11th Cir. 1986). "Claims are part of the same cause of action when they arise out of the same transaction or series of transactions." In re Justice Oaks II, Ltd., 898 F.2d at 1551.

state court is not an automatic bar to proceedings concerning the same matter in federal court. Colorado River, at 817, 96 S. Ct. at 1246, *citing* McClelland v. Carland, 217 U.S. 268, 282, 30 S. Ct. 501, 505, 54 L. Ed. 762 (1910); *see also* Moses H. Cone Memorial Hospital v. Mercury Constr. Co., 460 U.S. 1, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983). There is no need in proceeding through the abstention analysis until it the status of Plaintiff's state court proceeding is known. However, this information is provided to Plaintiff as guidance for his decision as to whether or not he wishes to continue litigating this case.

As to the merits of Plaintiff's claim, it is also not clear that Plaintiff can present a viable due process claim. Due process is not implicated absent some injury to a constitutionally protected liberty interest. Wolff v. McDonnell, 418 U.S. 539, 556-58, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Courts have generally concluded that "the alleged collateral effect of [a] disciplinary conviction on [an inmate's] ability to earn future sentence credits is not sufficient to create a constitutionally protected liberty interest." Abed v. Armstrong, 209 F.3d 63, 66-67 (2d Cir. 2000), *citing* Antonelli v. Sheahan, 81 F.3d 1422, 1431 (7th Cir. 1996) (holding that convicted prisoner with no access to good time credit program because he was incarcerated in county jail had no constitutional interest in the opportunity to earn good time credit); Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995) (holding that inmate has no liberty interest in opportunity to earn good time credit); Conlogue v. Shinbaum, 949 F.2d 378, 380 (11th Cir. 1991), *cert. denied* 506 U.S. 841 (1992) (noting that "[w]hen [a] statute is framed in discretionary terms there is not a liberty interest created"); Hadley v. Holmes, 341 F.3d 661 (7th Cir. 2003) *cert. denied* 541 U.S. 1067 (2004) (noting that where this is no entitle to discretionary

good time, the inmate has no liberty interest and due process is not implicated); *see also* Greenholtz v. Inmates of Neb. Penal & Correctional Complex, 442 U.S. 1, 11, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979) (noting that statute providing "no more than a mere hope that the benefit will be obtained . . . is not protected by due process").

In Conlogue v. Shinbaum, 949 F.2d 378, the Eleventh Circuit considered an Alabama regulation which provided for discretionary awards of incentive gain time. The Conlogue court held that such a regulation did "not create a liberty interest protected by the due process clause." 949 F.2d at 380. Without more information on this claim from Plaintiff, it cannot be said at this time that Plaintiff cannot state a claim. However, in proceeding in this case, Plaintiff should be aware that by and large, an inmate lacks a protected due process right in future gaintime awards earned at the discretion of prison officials.

If, however, Plaintiff decides to discontinue this litigation, Plaintiff should file a notice of voluntary dismissal pursuant to FED. R. CIV. P. 41(a). Rule 41(a)(1)(i) provides that an action may be dismissed without an order of the court by filing a notice of dismissal at any time before the adverse party serves his answer, or files a motion for summary judgment. Such a procedure would preserve Plaintiff's ability to be granted *in forma pauperis* status in the future whereas if an inmate has more than three cases dismissed for reasons such as failing to state a claim, he will be unable to be granted *in forma pauperis* in the future in federal court. 28 U.S.C. § 195(g).

If Plaintiff intends to continue with this case, Plaintiff will be required to submit an amended complaint. Plaintiff should carefully review the foregoing to determine whether he can present allegations sufficient to state a cause of action under the

relevant law. If Plaintiff is able to file an amended complaint, he must name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place their names in the style of the case on the first page of the civil rights complaint form and in the other appropriate sections of the form. Further, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation. In civil rights cases, more than conclusory and vague allegations are required to state a cause of action. *See*, Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984). Therefore, if Plaintiff cannot state exactly how a particular Defendant harmed him, Plaintiff should delete or drop that person as a Defendant from the complaint. In presenting the claims, Plaintiff must set forth each allegation in a separately numbered paragraph, as it is essential that the facts relating to each Defendant be set out clearly and in detail.

To amend the complaint, Plaintiff must completely fill out a new civil rights complaint form, marking it "Amended Complaint." The amended complaint must contain all of Plaintiff's allegations and should not in any way refer to the original complaint. An amended complaint completely replaces all previous complaints and they are disregarded. N.D. Fla. Loc. R. 15.1. Plaintiff should file the amended complaint containing an original signature with the Court and keep an identical copy for himself. Plaintiff need not file service copies until instructed to do so by the Court.

Accordingly, it is **ORDERED:**

1. The Clerk of Court is directed to forward to Plaintiff a § 1983 complaint form along with one additional copy of the complaint, if available, so that Plaintiff can file the amended complaint in its entirety.

2. Plaintiff shall have until **July 12, 2005**, to file an amended civil rights complaint, which shall be typed or clearly written and submitted on court forms.

3. Plaintiff's notice of inquiry, doc. 17, construed as a motion for case status, is **GRANTED** as explained in this Order.

4. **Failure to comply with this court order may result in a report and recommendation being entered dismissing this case.**

5. The report and recommendation entered on March 17, 2005, doc. 6, is **VACATED as moot**.

6. The Clerk of Court shall return this file to the undersigned upon Plaintiff's submission of the amended complaint, upon the filing of a notice of voluntary dismissal, or no later than July 12, 2005.

**DONE AND ORDERED** on June 7, 2005.

                                                <u>s/ William C. Sherrill, Jr.</u>
                                                **WILLIAM C. SHERRILL, JR.**
                                                **UNITED STATES MAGISTRATE JUDGE**